DAVIS OLSZESKI
LAW

2704 LOCUST ST., STE. 202
ST. LOUIS, MO
63103

April 28, 2026

Lincoln National Life Insurance Company
C/O General Counsel
1301 S. Harrison St.
Fort Wayne, IN 46802

Re: Waiver of Service
*Rejmer v. Lincoln* – Case No.: 2:26-cv-04090-WJE
Western District of Missouri

Dear General Counsel:

Please find enclosed a request for waiver of service of process in the above case which was filed on this date in the United States District Court for the Eastern District of Missouri.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure enclosed is a copy of the Complaint and two copies of the waiver of service, which you can return to me via fax or email at: (314) 876-7787 or adam@dodisabilitylaw.com.

Failure to execute and return this waiver will result in the expense of any service of process to be taxable to Lincoln National Life Insurance Company along with all reasonable attorneys' fees incurred in obtaining said service.

Respectfully,

Adam J. Olszeski

*Enclosures*

(314)876-7760 | TEAM@DODISABILITYLAW.COM | WWW.DODISABILITYLAW.COM

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KLAUDIA REJMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT**

COMES NOW Plaintiff David Klaudia Rejmer, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq*., and for his cause of action against Defendant Lincoln National Life Ins. Company (hereinafter "Defendant" or "Lincoln"), respectfully states the following:

**Introduction**

1. Plaintiff Klaudia Rejmer (hereinafter "Plaintiff" or "Ms. Rejmer") brings this action, against Lincoln for damages caused by the Defendant's breach of statutory, contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. Ms. Rejmer seeks recovery and payment of benefits due under an employee benefits plan, statutory penalties, and costs and attorney's fees associated with this action, as provided by ERISA.

3. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

4. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendant resides or are found in this district.

**Parties**

5. Ms. Rejmer is an individual residing in the Western District of Missouri. She is a vested participant in a Group Insurance Policy for certain employees of Altasciences, which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

6. Ms. Rejmer has standing to bring this action as a beneficiary under 29 U.S.C. §1132(a).

7. Lincoln provides long-term disability (LTD) insurance coverage for certain employees of Altasciences under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002.

8. Lincoln is an insurance company incorporated in North Carolina and is doing business in Missouri under a license to do business as a Foreign Insurance Company.

9. Lincoln administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16).

10. Lincoln both decides a beneficiary's right to benefits and then pays those benefits under the plan.

11. Altasciences serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

**Facts**

12. Plaintiff worked for Altasciences as a Document Control officer. It is not disputed that the job of Document Control Officer is a sedentary occupation.

13. Plaintiff ceased working on or about June 30, 2023, with a disability date of July 1, 2023.

14. Lincoln initially approved Ms. Rejmer's LTD claim, with benefits beginning September 30, 2023.

15. Ms. Rejmer's disabling conditions include, among other things, Ehlers-Danlos syndrome, Fibromyalgia, chronic pain syndrome, chronic fatigue, chronic pancreatitis, migraines, insomnia, slipped rib syndrome.

16. Ms. Rejmer's treating providers documented severe restrictions and limitations, including less-than-sedentary tolerance for sitting, standing, and walking, the need for position changes and unscheduled breaks, use of a cane, chronic pain, fatigue, impaired concentration and excessive absenteeism.

17. As part of her claim for LTD benefits Ms. Rejmer also submitted vocational evidence concluding that she could not sustain even unskilled, part-time employment and did not have the capacity for sedentary employment

18. Ms. Rejmer further obtained a favorable Social Security disability determination finding her disabled as of July 1, 2023.

**The September 17, 2024 Denial**

19. On September 17, 2024, Lincoln issued an adverse benefit determination denying Plaintiff's LTD benefits during the own occupation phase.

20. In its denial Lincoln stated it had determined that benefits were not payable because the records did not show clinical findings that could be translated into functional impairment.

21. Ms. Rejmer submitted a timely appeal, which included medical and vocational evidence supporting Ms. Rejmer's inability to perform the necessary physical functionality of her sedentary job.

22. On April 24, 2025, Lincoln reversed its denial and began paying LTD benefits.

**The July 16, 2025 Denial**

23. On July 16, 2025, Lincoln again denied LTD benefits to Ms. Rejmer. This time, the stated reason was that she did not, or the claim file did not support, disability under the any occupation definition of disability.

24. Under this denial benefits were to end on September 29, 2025.

25. During the period from April 24, 2025, through July 16, 2025, Lincoln did not communicate to Ms. Rejmer that the definition of disability was changing, or that it would have needed more information to continue benefits under the new definition of disability.

26. Instead of engaging in open and good faith communication with Ms. Rejmer about her benefits and rights to those benefits Lincoln preemptively denied benefits without giving Ms. Rejmer the right to prove that she met the new definition of disability.

27. The July 16, 2025, denial relied upon an April 29, 2025, peer review (paid for by Lincoln) and an internal vocational analysis identifying sedentary occupations such as appointment

clerk, credit-card clerk, data entry clerk, order clerk, customer-complaint clerk, surveillance-system monitor, and information clerk.

28. Ms. Rejmer was not permitted an opportunity to respond to the new evidence generated by Lincoln before Lincoln relied upon that evidence to support a denial in direct violation of the requirements of 29 C.F.R. § 2560.503-1.

29. In relying on the internally generated evidence to support its denial, Lincoln discounted Plaintiff's treating-source restrictions and the vocational assessment submitted by Ms. Rejmer which supported sub-sedentary functionality.

30. Neither the peer reviewed report nor the internal vocational assessment generated by Lincoln identify any specific or objective reasons why they disagree with the objective findings of Ms. Rejmer's treating physicians. Both reports only contain general disagreements with no stated support as to why the findings of the vocational expert or the treating physicians are incorrect or should not be relied upon.

31. Lincoln also stated that it had considered the Social Security Administrations disability ruling.

32. Again, there are no specifics contained in the denial as to why Lincoln disagreed with the determination of the Social Security Administration.

33. General denials and conclusions are not sufficient evidence to deny a claim under the full and fair review requirements of 29 C.F.R. § 2560.503-1.

34. Ms. Rejmer submitted a timely appeal of the second denial.

35. Ms. Rejmer requested a tolling of the 45-day deadline for Lincoln to issue a decision on the appeal in order to supplement her appeal with relevant medical evidence and follow up from surgeries that were scheduled close to the appeal deadlines.

36. On March 11, 2026, Ms. Rejmer submitted all additional medical records and surgery reports.

37. These records demonstrated a continued sub-sedentary functionality.

38. On March 24, 2026, Lincoln produced new evidence generated by Dr. Andrew Seltzer and an internal Transferable Skills analysis addendum refuting the conclusions of Ms. Rejmer's treating physicians and the occupational opinion submitted with the appeal.

39. None of the "new evidence" provided specific or scientific evidence as to why Ms. Rejmer's treating physician's opinions were incorrect, invalid, or not supportive of sub-sedentary functionality.

40. All opinions produced by Lincoln's retained reviewer were generic denials. The ultimate decisions further appear to be unsupported by the reviewers' own findings.

41. On March 30, 2026, Ms. Rejmer submitted rebuttals to this new evidence highlighting the deficiencies in the "retained opinions" specifically identifying the lack any actual support for the conclusions reached by Dr. Andrew Seltzer, either in his own findings or in the actual medical records.

42. As of March 30, 2026, the tolling of Lincoln's forty-five day deadline to decide the appeal was lifted in accordance with 29 C.F.R. § 2560.503-1(i)(3).

43. On April 6, 2026, Lincoln again produced new/revised evidence that it had generated and intended to rely on to support denial for comment by Ms. Rejmer. This new evidence also included opinions inconsistent with both Ms. Rejmer's treating providers and with the findings of the reviewers, with no explanation or objective evidence to indicate why the inconsistencies were present.

44. On April 9, 2026, Ms. Rejmer responded to the evidence by highlighting the inconsistencies in the opinions and findings of the reviewers. As well as highlighting the inconsistencies that the Lincoln employee and the retained physician were retained solely for their willingness to return opinions in support of the denial of Ms. Rejmer's claims in direct violation of 29 C.F.R. § 2560.503-1(b)(7).

45. As part of her April 9, 2026, response, Ms. Rejmer highlighted that Lincoln's decision on the appeal was due no later than April 27, 2026, in accordance with the provisions of 29 C.F.R. § 2560.503-1(i).

46. As of the date and time of this filing Lincoln has not requested any additional evidence from Ms. Rejmer.

47. As of the date and time of this filing Lincoln has not communicated in Ms. Rejmer in any manner.

48. As of the date and time of this filing Lincoln has not issued a decision on Ms. Rejmer's appeal of the July 16, 2025 denial of her claim for LTD benefits.

**Standard of Review**

49. Lincoln has an inherent conflict of interest as both the decider and payor of benefits under the Plan.

50. Lincoln has failed to implement claims procedures consistent with those required by 29 C.F.R. § 2560.503-1, these failures constitute procedural irregularities.

51. Plaintiff alleges that the proper standard of judicial review is de novo.

52. Although the policy contains language purporting to grant Lincoln discretionary authority to construe policy terms and determine eligibility for benefits, that discretion must be exercised through a timely and regulation-compliant claims process.

53. Under 29 C.F.R. § 2560.503-1(l)(2)(i), in the case of a claim for disability benefits, if a plan fails to strictly adhere to all the requirements of the regulation with respect to the claim, the claimant is deemed to have exhausted administrative remedies and is entitled to pursue remedies under ERISA without deference to the plan's adverse benefit determination, unless the violation was de minimis, non-prejudicial, attributable to good cause or matters beyond the plan's control, in the context of an ongoing good-faith exchange of information, and not reflective of a pattern or practice of noncompliance.

54. Lincoln failed to timely decide Plaintiff's appeal from the July 16, 2025 denial within the time required by the regulation.

55. Lincoln's failure to render a timely appeal decision means it did not validly exercise discretionary authority as to that appeal.

56. Lincoln's violations were prejudicial and not merely technical because they deprived Plaintiff of the timely, full, and fair review mandated by ERISA.

57. The Court therefore should review Lincoln's denial of benefits de novo.

## **COUNT I**
## **Wrongful denial of LTD Benefits pursuant 29 U.S.C. § 1132(a)(1)(b)**

58. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

59. Plaintiff is entitled to LTD benefits under the terms of the plan.

60. The medical and vocational evidence demonstrates that Plaintiff remained disabled within the meaning of the plan, including under the any-occupation standard.

61. Lincoln wrongfully denied and terminated Plaintiff's LTD benefits.

62. Lincoln failed to give fair consideration to the restrictions assessed by Plaintiff's treating providers.

63. Lincoln failed to fairly reconcile its prior approval of LTD benefits and reinstatement during the own-occupation period with its later conclusion that Plaintiff was no longer disabled.

64. Lincoln failed to reasonably evaluate Plaintiff's symptom burden, medication side effects, need for unscheduled breaks, reduced sitting and standing tolerance, use of an assistive device, impaired concentration, and excessive absenteeism.

65. Lincoln failed to reasonably evaluate the vocational evidence showing Plaintiff could not perform sedentary or other gainful occupations with reasonable continuity.

66. Lincoln's reliance on file reviews and internal vocational analysis over the longitudinal treating and vocational evidence was arbitrary and contrary to the terms of the plan and ERISA.

67. As a direct and proximate result of Lincoln's wrongful denial, Plaintiff has been deprived of LTD benefits due under the plan.

68. Plaintiff is entitled to recover all past-due LTD benefits, together with any appropriate prejudgment interest, reinstatement or clarification of rights to future LTD benefits, attorneys' fees and costs under 29 U.S.C. § 1132(g), and such other relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff Klaudia Rejmer respectfully prays for judgment against Defendant Lincoln Life Assurance Company of Boston d/b/a/ Lincoln Financial Group in the amount of unpaid STD benefits, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

**COUNT II**
**BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)**

69. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

70. At all relevant times, Lincoln acted as a fiduciary with respect to the administration of Plaintiff's claim and appeal.

71. As a fiduciary, Lincoln owed duties of loyalty and prudence to Plaintiff and was required to discharge its duties solely in the interest of plan participants and beneficiaries and with the care, skill, prudence, and diligence required by 29 U.S.C. § 1104(a).

72. Lincoln also was required to administer Plaintiff's claim and appeal in compliance with ERISA's mandatory claims-procedure regulation, 29 C.F.R. § 2560.503-1.

73. Lincoln breached its fiduciary duties, including through the following conduct:

a. Lincoln provided inconsistent and inaccurate communications concerning appeal deadlines, including causing sufficient confusion after the September 17, 2024 denial that counsel had to seek written clarification, and later issuing a January 23, 2026 "corrected" appeal deadline regarding the July 16, 2025 denial.

b. Lincoln failed to maintain and administer a claims process that strictly complied with 29 C.F.R. § 2560.503-1.

c. Lincoln failed to provide the meaningful, full, and fair review required by ERISA.

d. Lincoln failed to engage in a good-faith exchange of information concerning what was needed to perfect the claim, while at the same time faulting Plaintiff for asserted evidentiary deficiencies.

e. Lincoln relied on reviewers who discounted or refused to credit reliable clinical evidence and treating-source findings concerning conditions such as fibromyalgia,

chronic fatigue, Ehlers-Danlos syndrome, chronic pain, and related symptom-based impairments.

f. Lincoln disregarded or unreasonably minimized Plaintiff's vocational evidence establishing that she could not sustain even sedentary competitive employment.

g. Lincoln denied benefits under the any-occupation standard without fairly addressing the lack of medical improvement from the period during which benefits had been approved and reinstated.

h. Lincoln failed to timely decide Plaintiff's appeal from the July 16, 2025 denial in compliance with 29 C.F.R. § 2560.503-1.

i. Lincoln failed to provide a compliant and timely extension notice, if any, satisfying the regulation.

j. Lincoln's noncompliance with 29 C.F.R. § 2560.503-1 constitutes, among other things, a breach of fiduciary duty because it deprived Plaintiff of the process ERISA requires and reflects disloyal and imprudent claim administration.

74. The foregoing breaches of fiduciary duty were the direct by-product of a failure to implement claims procedures consisted with 29 C.F.R. § 2560.503-1.

75. As a direct and proximate result of these fiduciary breaches, Plaintiff has suffered harm, including loss of benefits, loss of a fair review process, delay, expense, and other equitable injury.

76. To the extent legal relief under Count I is found inadequate or incomplete, Plaintiff seeks appropriate equitable relief under 29 U.S.C. § 1132(a)(3), including but not limited to declarations concerning Lincoln's regulatory violations, surcharge, a declaration regarding the inadequacies of Lincoln's claim practices, injunction, remand-free reinstatement where

appropriate, and other equitable remedies necessary to redress Lincoln's fiduciary breaches and enforce ERISA.

**WHEREFORE**, Plaintiff Klaudia Rejmer respectfully prays that this Court:

1) Grant judgment in his favor and against Defendant on all claims;
2) Order that Defendant pay restitution for all benefits that Ms. Rejmer is entitled to but for the Lincoln's breaches of fiduciary duties;
3) Declare Plaintiff's rights under the terms of the Plan, and clarify her rights to future benefits under the terms of the Plan;
4) Enjoin Defendant to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1;
5) Enjoin Defendant to discharge its fiduciary duties in accordance with 29 U.S.C. § 1104;
6) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of her attorneys' fees caused by Defendant's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;
7) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and
8) Award all such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**DAVIS OLSZESKI, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis #MO58205
Adam J. Olszeski #MO66126
Gallagher Davis, LLP
2704 Locust St., Ste 202
St. Louis, MO 63103
P: (314) 876-776
F: (314) 876-7877
matt@dodisabilitylaw.com
adam@dodisabilitylaw.com

# UNITED STATES DISTRICT COURT

for the

Western District of Missouri

| | | |
|---|---|---|
| KLAUDIA REJMER<br>*Plaintiff*<br>v.<br>LINCOLN NATIONAL LIFE INS. CO.<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. 2:26-cv-04090-WJE |

## WAIVER OF THE SERVICE OF SUMMONS

To: Adam J. Olszeski
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 04/28/2026, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ________________

_______________________________
*Signature of the attorney or unrepresented party*

_______________________________
*Printed name of party waiving service of summons*

_______________________________
*Printed name*

_______________________________
*Address*

_______________________________
*E-mail address*

_______________________________
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

for the

Western District of Missouri

| | | |
|---|---|---|
| KLAUDIA REJMER<br>*Plaintiff*<br>v.<br>LINCOLN NATIONAL LIFE INS. CO.<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. 2:26-cv-04090-WJE |

## WAIVER OF THE SERVICE OF SUMMONS

To: Adam J. Olszeski
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 04/28/2026, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ________________

_______________________
*Signature of the attorney or unrepresented party*

_______________________
*Printed name of party waiving service of summons*

_______________________
*Printed name*

_______________________
*Address*

_______________________
*E-mail address*

_______________________
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.